Battle, J.
 

 The facts of this case, as now presented to us in the defendant’s bill of exceptions, are materially different from those which were reported on a former trial. Then, there was no evidence that when the defendant shot the plaintiff’s sow, she was in the act of doing any thing to injure him or his property. Now, it appears that she was in hot pursuit of one of the plaintiff’s fowls when he killed her. Then, nothing was proved as to the plaintiff’s knowledge of the chicken eating propensity of his hog. Now, it seems, that when he purchased her, he was fully apprised of her fierce appetite for young fowls. Upon the facts as reported to have been proved on the former trial, we held that the defendant was not j ustified in killing the sow as a public nuisance, which any person had a right to abate. The ease, we think, is altogether different when the sow is turned loose by her owner, with a full knowledge of her evil habits, and is killed by the owner of a fowl to save his property from destruction. Besides the leading case of
 
 Wadhurst
 
 v.
 
 Damme,
 
 Cro. James 45, which was referred to when this case was before the Court at June Term, 1859, (see 6 Jones 293,) there is one reported in 9 Johnson, 232, which is very strong in favor of the defendant’s plea of justification. It is the case of
 
 Leonard
 
 v.
 
 Wilkins,
 
 in which the plaintiff sued the defendant for shooting his dog. Upon not guilty pleaded, it appeared that the plaintiff’s dog was running'with a fowl in his mouth, on the land of the defendant, when the latter fired at and killed him.
 
 *37
 
 It was testified by several witnesses that the same dog had worried and injured their fowls and geese, and that there was an alarm in the neighborhood respecting mad dogs. The jury found a verdict against the plaintiff, and thereupon he was adjudged to pay the costs. The Court consisting of Kent, C. J., and Thompson, Spencer, Yan Ness and Yates, Judges, approved the verdict and judgment saying: “The verdict below was not against law. The dog was on the land of the defendant in the act of destroying a fowl; and the defendant was justified in killing him in like manner as if he was chasing and killing sheep, deer, calves, or other reclaimed and useful animals. This principle has been frequently and .-solemnly determined, (Cro. Jac. 45, 3 Lev. 25). It was for the jury to determine whether the killing was justified by the necessity of the ease and as requisite to preserve the fowl; and the fowl being on the land of the defendant, was enough, without showing property in the fowl.” The duck, in the case before us, being in the public road, was not necessarily on the land of the defendant, but it was near his residence, and it may be inferred that it belonged to him, and if so, he had a right to kill the hog, as, under like circumstances, he would have had a right to kill a dog, if such killing were necessary to the protection of his fowl. The knowledge which the plaintiff had of the bad character of his sow ought to have induced him to keep her up, and the damage which he sustained in consequence of not having done so, was caused by his own default, and was, therefore,
 
 damnum absque injuria.
 
 '
 

 It is to be regretted that the verdict was not taken, subject to the question of law, so as to have enabled us to put an end, by our judgment, to a litigation, the expense of which, must be greatly disproportioned to the value of the matter in controversy. As it is, we are obliged to reverse the judgment and award a
 
 venire de novo.
 

 Pee Curiam,
 

 Judgment] reversed.